| **Matter of Robinson** |
|:---:|
| 2024 NY Slip Op 33002(U) |
| August 16, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-3463 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
Probate Proceeding, Estate of

ANDREW ROBINSON,

Deceased.
------------------------------------------------------------------------x

M E L L A, S.:

New York County Surrogate's Court
DATA ENTRY DEPT.
AUG 1 6 2024

DECISION and ORDER

File No.: 2021-3463

The court considered the following submissions in determining the instant motion for

summary judgment:

| Papers Considered | Numbered |
|---|---|
| Petitioner's Amended Notice of Motion for Summary Judgment Dismissing Objections, dated April 2, 2024 | 1 |
| Affirmation of Abraham S. Mazloumi, Esq., in Support of Motion, dated March 28, 2024, with Exhibits | 2 |
| Affirmation of Maureen M. Pritchard, Esq., in Opposition to Motion. dated April 19, 2024, with Exhibits | 3 |
| Affidavit of Dana Andrews-Mungin in Opposition to Motion, dated April 19, 2024, with Exhibits | 4 |
| Affidavit of Doretha Conner in Opposition to Motion, dated April 18, 2024 | 5 |
| Reply Affirmation of Abraham S. Mazloumi, Esq., dated April 26, 2024 | 6 |

At the call of the calendar of April 30, 2024, the court granted the motion of Sheila

Kennedy (Proponent) for summary dismissal of the single objection lodged by Dana Andrews-

Mungin (Objectant) in this contested probate proceeding in the estate of Andrew Robinson

(CPLR 3212).[1]

Background

Decedent died on May 5, 2020, at the age of 96, leaving a probate estate of approximately $240,000. He was survived by one granddaughter, Objectant, as his sole distributee. Under the propounded instrument dated May 14, 2018, decedent specifically disinherited Objectant and instead left his estate to two nieces, Proponent and Francine Goethe. Decedent nominated Proponent as Executor and Preliminary Letters Testamentary issued to her on January 28, 2022. Objectant challenged the propounded instrument alleging that it was the product of undue influence exerted by Proponent. After discovery, the instant motion followed.

Discussion

On a motion for summary judgment, it is incumbent on the movant to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once this showing is made, the burden shifts to the opponent to produce proof sufficient to establish the existence of a material issue that requires a trial (*id.*; CPLR 3212[b]). Summary judgment may be granted only where it is clear that no triable issue of material fact exists (*see Alvarez*, 68 NY2d 320).

With regard to the objection at issue here, undue influence requires a showing that the propounded instrument was the result of influence over the testator that amounted to "moral coercion, which restrained independent action and destroyed free agency, or which, by

---

[1] As a threshold matter, Proponent had asserted that Objectant's opposition papers should not be considered since they were untimely filed. The court, in view of its independent responsibility to be satisfied that every will that is admitted to probate is valid (SCPA 1408), accepted and considered the opposition papers.

2

importunity which could not be resisted, constrained the testator to do that which was against his free will and desire" (*Children's Aid Society of the City of New York v Loveridge*, 70 NY 387, 394 [1877]). Motive, opportunity, and the actual exercise of undue influence must be demonstrated (*see Matter of Walther*, 6 NY2d 49 [1959]).

In this case, the court found that Proponent made a prima facie showing of entitlement to judgment as a matter of law by offering evidence, including the sworn testimony of the attorney-drafter, Ellen Frank Bayer, Esq. (Frank), that the propounded instrument reflected the wishes of the decedent rather than those of the Proponent. Frank testified that she had no prior relationship with the decedent or with any member of his family when he was referred to her for *pro bono* services by the Elder Law Project of the City Bar Justice Center. Frank further testified that she met with decedent alone, once in person and several other times over the phone, to discuss the terms of the will which were provided by decedent himself.

The proof also established that, while Frank was drafting the will, her only contact with Proponent was on one occasion when Frank called Proponent to obtain her address. According to Frank, she never discussed the terms of the will with Proponent. After the execution of the will, decedent and Frank spoke on two occasions, at which time decedent discussed other legal matters, including his desire to amend his Power of Attorney to possibly designate Objectant as his agent. According to Frank, decedent never expressed any desire to make changes to his will to include a bequest to Objectant.

The testimony of the witnesses to the will, decedent's home health aide and his upstairs neighbor, also supported Proponent's prima facie case. Both testified that on May 14, 2018, decedent was lucid and aware that he was executing his will and that he asked each of them to serve as a witness. According to the neighbor, decedent was independent "to the day he died."

3

In response, Objectant did not dispute that Proponent had no prior relationship with the attorney-drafter and had no involvement in the drafting of the propounded instrument. Instead she attempted to raise an issue of fact by arguing that the propounded instrument was the result of Proponent's undue influence. First, Objectant alleged that Proponent isolated decedent with the goal of influencing him to execute a will that benefitted Proponent. The claim was based solely on Objectant's inability to reach decedent by telephone for several months in 2018, which she concluded was the result of Proponent having arranged for decedent's telephone number to be changed. Objectant did not dispute, however, that Proponent resided at all relevant times in South Carolina, hundreds of miles away from decedent's Manhattan apartment, and could not have controlled daily access to decedent. Nor does Objectant dispute that decedent's new telephone number was eventually provided to her and that she was able to freely communicate with decedent until the time of his death. The only proof that Objectant presented in support of her claim that Proponent changed decedent's telephone number in order to isolate him from Objectant was speculative and thus insufficient to raise a material triable issue.

Objectant also argued that the reason decedent disinherited her was that he believed her to be a "drug addict," a characterization, she alleged, which could only have come from Proponent. However, Objectant provided no evidence to support such contention – only speculation which is insufficient to raise a material issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For these reasons, the court granted summary judgment and dismissed the objection based on undue influence.

Finally, the court observed that although Objectant did not challenge the validity of the will on grounds other than undue influence, upon a review of the evidence offered, the court found that Proponent established that decedent had testamentary capacity on May 14, 2018, and

4

that the will was duly executed that day in accordance with EPTL 3-2.1. Accordingly, the court determined that the propounded instrument would be admitted to probate.

This decision, together with the transcript of the April 30, 2024 proceedings, constitutes the order of the court.

Settle probate decree.


Dated: August 16, 2024

_____
SURROGATE

[* 5]